# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 01-cv-03990-BLOOM

BYRON WALKER,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

### <u>ORDER ON MOTION TO REOPEN</u>

**THIS CAUSE** is before the Court upon Movant Byron Walker's ("Walker" or "Movant") Motion to Reopen, ECF No. [60] ("Motion"), filed on May 13, 2022. The Court has reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On March 22, 1994, Walker was charged by second superseding indictment with conspiracy to possess with intent to distribute cocaine (Count 1), knowingly using and carrying a firearm during and in relation to a drug trafficking crime (Count 2), and possession of unregistered firearms (Count 8). Case No. 93-00123-CR-Hurley, ECF No. [172].[1] His first trial resulted in a mistrial. After retrial, Walker was found guilty on all charges. Cr. ECF No. [238]. The Court sentenced him to 624 months in prison, followed by five years of supervised release. Cr. ECF No. [311]. His conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Eleventh Circuit on September 2, 1999. Cr. ECF No. [398]. Thereafter, Walker filed a motion to vacate his sentence, claiming ineffective assistance of counsel, and that his conviction

---

[1] The Court refers to docket entries in the underlying criminal case as "Cr. ECF No. [x]."

and sentence on Count 1 was unlawful because the indictment failed to allege the amount of cocaine involved in the offense. *See* ECF No. [1]. On May 16, 2002, the Court denied his motion to vacate. *See* ECF No. [19]. On appeal, the Eleventh Circuit affirmed the denial. ECF No. [33]. Thereafter, Walker filed his first motion under Rule 60(b), essentially rearguing issues with respect to his motion to vacate. ECF No. [39]. The Court determined that Walker's first Rule 60(b) motion was in essence a second motion to vacate, and because Walker had not sought the requisite authorization from the Eleventh Circuit, the Court dismissed the motion for lack of jurisdiction. *See* ECF No. [41]. Walker attempted unsuccessfully to appeal the denial of his first Rule 60(b) motion. *See* ECF Nos. [46], [50], [53], [58].

On May 12, 2014, Walker filed another motion to vacate. Case No. 14-cv-21738-DTKH ("2d 2255"), ECF No. [1]. In his report and recommendations, the Magistrate Judge recommended that the second motion to vacate be dismissed for Walker's failure to obtain authorization from the Eleventh Circuit to file a successive section 2255 motion. 2d 2255 ECF No. [4]. The Court adopted the Magistrate's report and recommendation, and dismissed the motion. *Id.*, ECF Nos. [6], [7]. Walker again attempted unsuccessfully to appeal the denial of his second motion. *Id.*, ECF No. [14].

In the instant Motion, Walker requests that the Court reopen this case pursuant to Rule 60(b)(1) and 60(b)(6), arguing that he is not making a new claim, but instead is requesting that the Court consider the merits of his argument regarding the unlawfulness of his conviction and sentence on Count 1, which the Court previously determined was procedurally defaulted. *See* ECF No. [18].

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason

that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Upon review, Walker is not entitled to relief here. First, his Motion is untimely. A Rule 60 motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *Rease v. AT&T Corp.*, 358 F. App'x 73, 75 (11th Cir. 2009) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275-76 (11th Cir. 2008) (internal quotations omitted). Here, the Magistrate Judge's ruling, for which Walker seeks review, was entered over twenty years ago. *See* ECF No. [18] (dated April 25, 2002). Walker has provided no explanation for the significant time lapse between the ruling he objects to and filing of the instant Motion. Moreover, the Magistrate Judge considered the merits of Walker's second claim, notwithstanding the procedural bar, and correctly determined that he was not entitled to relief. *See* ECF No. [18] at

Case No. 01-cv-03990-BLOOM

7. As such, Walker further fails to demonstrate extraordinary circumstances necessary to justify relief under Rule 60(b)(6).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [60]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Byron Walker, *pro se*
46692-004
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Joint Base MDL, NJ 08640