UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-cv-03990-BLOOM

BYRON WALKER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

**THIS CAUSE** is before the Court upon Movant Byron Walker's ("Walker") Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 54(b) and Rule 60(b)(6), ECF No. [62] ("Motion"), filed on June 1, 2022.[1] The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In his Motion, Walker argues that the Court erred in its Order of May 15, 2022, ECF No. [61], in which the Court denied Walker's Omnibus Motion for Independent Action in Equity and Relief from Judgment, ECF No. [60]. Walker contends that the Court "incorrectly determined that [his] motion is time barred[.]" ECF No. [62] at 3. He asserts that the Court misconstrued his motion as "one filed under Fed. R. Civ. P. 60(b)(1) instead of 60(d)(1)," which is not subject to any limitations period. *Id*. at 2. He likewise asserts that, contrary to the Court's decision, Rule 60(b)(6) contains no limitations period. *Id.* at 3.

Although Walker is correct that Rule 60(b)(6) motions are not subject to a one-year

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

limitations period, they cannot be brought at "any time," as he claims. *Id.* (purportedly quoting Fed. R. Civ. P. 60(b)(6)). The term "any time" does not appear in Rule 60(b)(6). Rather, Rule 60(c) requires that *all* Rule 60(b) motions "be made within a reasonable time." As the Court noted in its prior Order, Walker seeks reconsideration of an order entered over twenty years ago. ECF No. [61] at 3. The Court did not err in finding that Walker's unexplained delay falls outside the bounds of reasonableness. *Id*.

The Court did err, however, in reading Walker's motion as an attempt to invoke Rule 60(*b*)(1) as opposed to Rule 60(*d*)(1). *See* ECF No. [61] at 2; ECF No. [60] at 1, 4 (citing Rule 60(d)(1)). As Walker correctly argues, Rule 60(d)(1) is unbound by any statutory period of limitation.

Nonetheless, Walker is not entitled to relief under Rule 60(d)(1). Whereas relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984), relief under Rule 60(d)(1) entails an even more "demanding standard." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). "Rule 60(d)(1) relief is only available if relief is required to 'prevent a grave miscarriage of justice.'" *Aldana v. Del Monte Fresh Produce N.A., Inc*., 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting *Beggerly*, 524 U.S. at 47). The Court correctly concluded that Walker failed "to demonstrate extraordinary circumstances necessary to justify relief under Rule 60(b)(6)." ECF No. [61] at 4. For the same reasons, he has failed to demonstrate a grave miscarriage of justice, as Rule 60(d)(1) requires.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [62]**, is **DENIED**.

Case No. 01-cv-03990-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 9, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

Byron Walker, pro se
46692-004
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Joint Base MDL, NJ 08640